Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2970 | **DATE** | 5/8/2002 |
| **CASE TITLE** | Ronald Tibbs vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition to proceed in forma pauperis is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 09 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAY 0 9 2002 | |
| | | 02 MAY -9 PM 4:59 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD TIBBS,                          )
                                       )
        Plaintiff,                     )
                                       )
    vs.                                )   No. 02 C 2970
                                       )
CITY OF CHICAGO, M. KOOISTRA,          )
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Tibbs brings this action against defendants M. Kooistra and the City of Chicago, alleging constitutional violations and pendent state claims. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition to proceed *in forma pauperis* is granted.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. The application here indicates that plaintiff earns $351 a week and all of this money goes to supporting his family. Plaintiff identifies no other savings or income. On these facts, plaintiff has established his inability to pay court fees.

Our inquiry does not end with a finding of indigency, however. Under § 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious. Since the City is included as a defendant only in the state law claims, plaintiff has avoided the immunity problem of alleging *respondeat superior* liability under 42 U.S.C. 1983. Our only inquiry, then, is whether plaintiff has properly stated a claim. We

apply the same standards as if this were an ordinary dismissal under Fed.R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

The facts of this case are taken from plaintiff's complaint. Plaintiff alleges that on March 19, 2001, he was walking to his car when he was assaulted and handcuffed by defendant police officer Kooistra, who informed him that he was under arrest for an outstanding warrant. The outstanding warrant was for "Ronald L. Tibbs," and plaintiff produced an i.d. showing that he is "Ronald A. Tibbs." Kooistra was not persuaded, and plaintiff was taken to the station and held for two days before he was bonded out. At the hearing relating to the warrant, the court noted that plaintiff was the wrong person and all charges were dropped.

Plaintiff brings constitutional claims under 42 U.S.C. § 1983 and various pendent state claims. He alleges that his Fourth Amendment rights were violated through the use of excessive force, false arrest and imprisonment, and malicious prosecution. Police officers violate the Fourth Amendment if they shove, push, or otherwise assault innocent citizens without provocation. Lanigan v. Village of East Hazel Crest, Illinois, 110 F.3d 467, 475 (7th Cir. 1997). However, police officers do have a right to use a reasonable amount of force in light of the circumstances they face. *Id.* Here, plaintiff alleges that Officer Kooistra unnecessarily assaulted him without provocation. Under the Rule 12(b)(6) standard, plaintiff has successfully stated a Fourth Amendment claim and this action should go forward.

For the above reasons, plaintiff's petition to proceed *in forma pauperis* is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 8, 2002.