## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2970 | **DATE** | 2/5/2003 |
| **CASE TITLE** | Ronald Tibbs vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted in part and denied in part. Count III is dismissed without prejudice. Plaintiff has voluntarily dismissed counts IV and V. Counts I, II, VI and VII remain. Status hearing set for February 27, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 FEB -7 AM 10:42 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 1 0 2003

RONALD TIBBS,

        Plaintiff,

vs.

No. 02 C 2970

CITY OF CHICAGO, a municipal corp.,
M. KOOISTRA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Tibbs brings this action alleging excessive force, false arrest, false imprisonment, and violation of his right to equal protection. Defendants Mark Kooistra and City of Chicago move to dismiss all claims other than the excessive force claim. Plaintiff voluntarily dismisses counts IV and V, his claims brought under Title VI and 42 U.S.C. § 3879. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

The facts of this case are taken from plaintiff's complaint. Plaintiff alleges that on March 19, 2001, he was walking to his car when he was assaulted and handcuffed by defendant police officer Kooistra. The officer informed him that the police had been looking for him for eleven years and that he was under arrest for an outstanding warrant for "Ronald L. Tibbs." Plaintiff explained that he was "Ronald A. Tibbs" and produced his driver's license, which showed the differences in birth dates, middle initials, home addresses and physical descriptions. Plaintiff was taken into custody and placed in a holding cell for two days before he was bonded out. At the hearing related to the warrant, the court noted that

plaintiff was the wrong person and all charges were dropped.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations, drawing all reasonable inferences in a non-movant's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a claim does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985) *cert. denied* 475 U.S. 1047 (1986).

In counts II and VI, plaintiff claims false arrest and false imprisonment under 42 U.S.C. § 1983. He alleges that defendant Kooistra seized and detained him without probable cause to believe he had committed a crime. Defendants assert that the allegations show that plaintiff was arrested pursuant to a facially valid warrant and accordingly Kooistra had probable cause to detain him as a matter of law. There are no allegations in the complaint that the arrest warrant was facially invalid.[1]

When an individual is detained for a few days pursuant to a facially valid warrant, a refusal to investigate claims of mistaken identity, even if negligent or unreasonable, does not amount to a constitutional violation. Baker v. McCollan, 443 U.S. 137, 143-46 (1979). On the other hand, if Kooistra had actual knowledge of plaintiff's innocence and detained him

---

[1] Plaintiff brings up this possibility in his response. From the complaint, however, it does not appear that plaintiff alleges a facially invalid warrant.

regardless, then § 1983 would be implicated. Sivard v. Pulaski County, 959 F.2d 662, 668 (7th Cir. 1992). Deliberate indifference to a detainee's innocence, even if he is detained pursuant to a facially valid warrant, gives rise to § 1983 liability. Kennell v. Gates, 215 F.3d 825, 830 (8th Cir. 2000). Here the plaintiff alleges that "Kooistra was either deliberately indifferent to the facts which indicated the Plaintiff's innocence of any crimes or had actual knowledge of these facts" *(Cplt, ¶ 15)*. When viewed under the 12(b)(6) standard, plaintiff's allegations could support a finding that Kooistra had enough information of the differences between plaintiff and the suspect described in the warrant to constitute actual knowledge of plaintiff's innocence. This would rise to the level of deliberate indifference required to overcome the probable cause established by the facially valid warrant and give rise to § 1983 liability.

Plaintiff also brings count III under 42 U.S.C. 1983, alleging that Kooistra violated the Equal Protection Clause. While plaintiff has identified himself as a member of a protected class, he has not alleged that he was similarly situated to members in the unprotected class or that he was treated differently from members in the unprotected class, both required elements in a traditional equal protection claim. *See generally* Chavez v. Illinois State Police, 251 F.3d 612, 636 (7th Cir. 2001). Plaintiff apparently recognizes the deficiency of his claim and seeks to amend it under a "class of one" theory, citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

According to the Seventh Circuit, a plaintiff's equal protection rights are violated if state action is "a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective," regardless of a showing of uneven treatment. Village of Willowbrook v. Olech, 160 F.3d 386, 387 (1998) *quoting* Esmail v. Macrane, 53 F.3d 176 (7th Cir. 1995). In affirming the

Seventh Circuit's decision, the Supreme Court found that a plaintiff's allegations of irrational and arbitrary differential treatment from other similarly situated persons was sufficient to state a claim under traditional equal protection analysis. 528 U.S. at 565. As a result, the Court did not reach the alternative theory of subjective ill will relied on by the Seventh Circuit. *Id.* Plaintiff here has two options, then, either plead that he (as a class of one) was intentionally treated differently from others similarly situated, without a legitimate rational basis, or that Kooistra acted with substantial ill will and without any legitimate state objective. Under the facts alleged, however, plaintiff has failed to meet either burden. We dismiss count III, but with leave to amend his complaint.[2]

In count VII, plaintiff seeks relief against the City under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. The statute requires the City "to pay any tort judgment or settlement for compensatory damages...for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102. While a municipality cannot be held directly liable under 42 U.S.C. 1983 on a theory of respondent superior, Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978), a plaintiff may join a municipality in a suit against the municipality's employee using 745 ILCS 10/9-102. Wilson v. City of Chicago, 120 F.3d 681, 684 (7th Cir. 1997).

The City argues that plaintiff's claim is premature since it has not refused indemnification of Kooistra. While the City cannot be made to pay a judgment until employee

---

[2]We note that it will be extremely difficult for plaintiff to prove that an arrest, even if constitutionally flawed, is wholly unrelated to any legitimate state objective. We are at the pleading stage, however, and we draw all reasonable inferences in the plaintiff's favor.

liability is established, it is appropriate to seek judgment against the City that would take effect if and when a judgment against Kooistra is entered and no longer contestable. *Id.* at 685 (plaintiff essentially seeking a declaratory judgment against the municipality). Post-Wilson, district courts have allowed plaintiffs to include claims brought under section 10/9-102 against municipalities in their complaints against employees. Savin v. Robinson, 2001 WL 1191192 (N.D.Ill. 2001); Burton v. Sheahan, 2001 WL 111028 (N.D.Ill. 2001); Anton v. Sheriff of DuPage County, 47 F.Supp.2d 993 (N.D.Ill. 1999). Following this line of cases, we allow plaintiff's claim against the City to go forward.

## CONCLUSION

For the above reasons, defendant's motion to dismiss is granted in part and denied in part. Count III is dismissed without prejudice. Plaintiff has voluntarily dismissed counts IV and V. Counts I, II, VI and VII remain.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 5, 2003.